| | |
|---|---|
| Joshua B. Swigart (SBN 225557) <br> Josh@SwigartLawGroup.com <br> **SWIGART LAW GROUP, APC** <br> 2221 Camino del Rio S, Ste 308 <br> San Diego, CA  92108 <br> P: 866-219-3343 | Daniel G. Shay (SBN 250548) <br> DanielShay@TCPAFDCPA.com <br> **LAW OFFICE OF DANIEL G. SHAY** <br> 2221 Camino del Rio S, Ste 308 <br> San Diego, CA  92108 <br> P: 619-222-7429 |

*Attorneys for Plaintiffs
and the Putative Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH ALLEN, RYAN CHILDERS, and JENNIFER MEZA, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | CASE NO.  **'22CV1368 BEN JLB** <br><br> <u>CLASS ACTION</u> <br><br> COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: <br><br> THE CALIFORNIA INVASION OF PRIVACY ACT, CAL. PEN. CODE 637.3 ET SEQ. |

1

Class Action Complaint

# INTRODUCTION

1. Plaintiffs Leah Allen, Ryan Childers and Jennifer Meza and ("Plaintiffs"), on behalf of themselves and a Class of similarly situated individuals defined below, bring this Class Action Complaint and Demand for Jury Trial against Defendant Bank of America N.A. ("Defendant") to put a stop to its unlawful use, examination, and recording of Plaintiffs' and putative Class members' biometric voice prints. Plaintiffs, for this Class Action Complaint, allege as follows upon personal knowledge as to Plaintiffs' own acts and experiences and, as to all other matters, upon information and belief.

# NATURE OF THE ACTION

2. Defendant utilizes a system that enables it to examine the voice of anyone that calls it to determine the truth or falsity of the callers' statements. The software combines audio, voice, and artificial intelligence ("AI") technologies to compare the callers' voices to a comprehensive database of recordings and metrics.

3. The system Defendant uses allows it to authenticate or refute the true identity of callers, among other things. The system contains voice recognition software that creates a biometric voice print of each caller. The system then allows Defendant to analyze the callers' voice prints to determine the truth or falsity of their statements.

4. Speaking to American Banker in 2018, Hari Gopalkrishnan, a technology executive at Bank of America, said: "In many areas where we traditionally leveraged things like analytics, we're trying to get a handle on how can machine learning and AI help. "Think of fraud. Fraud management is all about understanding customer behavior, understanding what's normal and what's not," he continued. "Armed with more insight about channel behavior [through AI], we're able to run much better algorithms, to understand what is true fraud."[1]

---

[1] https://www.itpro.com/technology/artificial-intelligence-ai/354510/how-bank-of-america-uses-ai-to-improve-customer

Class Action Complaint

5. Defendant did not obtain "express written consent" – or any consent – from any callers before examining and analyzing their voices.

6. Recognizing the need to protect its residents from situations like these, California enacted the California Invasion of Privacy Act ("CIPA"), and specifically Cal. Pen. Code § 637.3, to regulate entities that examine or record California residents' voice prints or voice stress patterns without obtaining the residents' express written consent first.

7. Despite this law, Defendant disregards California residents' statutorily protected privacy rights and unlawfully examines or records their voices in violation of CIPA. Specifically, Defendant has violated (and continues to violate) CIPA because it uses a system which examines or records California residents' "voice prints or voice stress patterns… to determine the truth or falsity of statements" without their express written consent.

## PARTIES

8. Plaintiffs are natural persons and a residents of the State of California.

9. Defendant Bank of America, N.A., is a federally chartered bank with its principal place of business located outside of California.

## JURISDICTION AND VENUE

10. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

11. This court has personal jurisdiction over Defendant because Defendant conducts business in this State and within this judicial district and the conduct alleged in this Complaint occurred in, and/or emanated from, this State and within this judicial district. Additionally, Plaintiffs reside in this judicial district.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

# BACKGROUND

## I. The California Invasion of Privacy Act

13. The California Legislature enacted the Invasion of Privacy Act to protect certain privacy rights of California residents. The legislature expressly recognized that devices and techniques which create a serious threat to privacy and the free exercise of personal liberties cannot be tolerated in a free and civilized society.

14. As part of the Invasion of Privacy Act, the California Legislature introduced Penal Code § 637.3. The purpose of the legislation was to prohibit any person or entity from using;

> "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such person without his or her express written consent given in advance of the examination or recordation." Cal. Pen Code § 637.3

15. Creating a voice print requires extracting an individual's phonetic features (including their unique speech patterns, tones, and other characteristics) from their voice. As such, a voice print serves as an audible "fingerprint" which can directly identify an individual and can even reveal the speaker's behavioral traits.

16. The California Legislature intended to protect individuals from the unauthorized examination and recording of their voice prints, especially when it takes place without an individual's knowledge or consent. Such surreptitious examination poses a serious threat to California residents' privacy and personal liberties.

17. Individuals may bring an action against the violator of this section of CIPA to recover actual damages or $1,000 for each violation, whichever is greater under Cal. Penal Code §637.3(c).

///
///
///

**II.     Defendant Violated the California Invasion of Privacy Act**

18. No later than 2018, Defendant integrated voice recognition, algorithms and analytic software into all its call centers.[2]

19. The voice recognition software utilized by Defendant recognizes consumers' identities by (1) making a recording of the initial call with the consumer (2) examining that recording to identify specific stress patterns and other characteristics to create a "voice print" which is entered into a database then (3) examining all subsequent calls from that consumer and comparing the voice prints to those already on file for that consumer.

20. Defendant determines the truth or falsity of caller statements (even for first-time callers) by examining patterns. Similar to a polygraph test, there are known audible indications of lying such as (1) change in breathing (2) repeating words or phrases (3) difficulty speaking[3] (4) change in speech patterns (5) unusual rise or fall in vocal tone[4] (6) odd inflection (7) context of use of contractions (8) lack of use of personal pronouns[5] (9) using a high-pitched voice (10) sudden change of volume (11) using phrases such as 'I want to be honest with you,' 'honestly' or 'let me tell you the truth' (12) using words such as 'uh,' 'like' and 'um' and (13) slip-ups and corrections[6] that can indicate a caller is not being truthful. Such a system is exactly what the California Legislature was attempting to regulate when it required express written consent prior to its use.

21. Defendant's system uses the full audio of a call to determine its characteristics, meaning Defendant analyzes unique acoustic and behavioral features of a caller's voice, including stress patterns to determine truth or falsity of statements.

---

[2] https://www.itpro.com/technology/artificial-intelligence-ai/354510/how-bank-of-america-uses-ai-to-improve-customer
[3] https://www.businessinsider.com/11-signs-someone-is-lying-2014-4
[4] https://www.forensicscolleges.com/blog/resources/10-signs-someone-is-lying
[5] https://www.cnbc.com/2022/04/07/want-to-tell-if-someone-is-lying-to-you-a-body-language-expert-shares-the-biggest-signs-to-look-for.html
[6] https://time.com/5443204/signs-lying-body-language-experts/

5

Class Action Complaint

22. Defendant did not obtain prior express written consent from Plaintiffs or Class members to examine their voices or record their unique voice prints to determine the truth or falsity of their statements in violation of Cal. Penal Code §637.3.

## FACTS SPECIFIC TO PLAINTFFS

23. Over the past two years Plaintiffs have called Defendant's call center on numerous occasions.

24. Starting with their first calls, Defendant began examining and analyzing Plaintiffs' voices to attempt to ascertain the truthfulness of Plaintiffs' statements.

25. Defendant also recorded Plaintiffs' voices and created "voice prints" associated with each Plaintiff.

26. Defendant then automatically input Plaintiffs' voice prints into its biometric voice print database.

27. When Plaintiffs subsequently called Defendant, Defendant utilized a system that examined Plaintiffs' voices again and compared them to the voice prints it stored in its database from previous calls. Defendant did this to determine the truth or falsity of Plaintiffs' statements, including to determine the true identity of Plaintiffs.

28. Plaintiffs have called Defendant on numerous occasions since Defendant began utilizing its voice analysis system. During at least one of these calls, Defendant examined and recorded Plaintiffs' voice prints and voice stress patters passively, without Plaintiffs' knowledge.

29. Plaintiffs did not give consent – written or otherwise – to Defendant to collect voice prints and examine Plaintiffs' voices for any purpose whatsoever.

30. Any applicable statute(s) of limitations has been tolled by the "delayed discovery" rule. Plaintiffs did not know (and had no way of knowing) that their voices were recorded for purposes of creating voice prints, or that their voice stress patterns were examined, because Defendant kept this information secret.

///

31. Plaintiffs have been exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.
32. Plaintiffs seek statutory damages under CIPA as compensation for the injuries Defendant has caused.

## STANDING

33. Defendant's conduct constituted invasions of privacy because it disregarded Plaintiffs' statutorily protected rights to privacy, in violation of CIPA.
34. Defendant caused Plaintiffs to (1) suffer invasions of legally protected interests. (2) The invasions were concrete because the injuries actually existed for Plaintiffs and continue to exist every time they call Defendant. The privacy invasions suffered by Plaintiffs and the Class were real and not abstract. Plaintiffs' and the Class have a statutory right to be free from voice examination without first providing their express written consent. The voice examinations Defendant performed were meant to determine truth or falsity of statements, similar to a polygraph test. Plaintiffs and Class members were completely unaware they were being subject to such a test. Plaintiffs' injuries were not divorced from concrete harm in that privacy has long been protected in the form of trespassing laws and the Fourth Amendment of the U.S. Constitution for example. Like here, an unreasonable search may not cause actual physical injury, but is considered serious harm, nonetheless. (3) The injuries here were particularized because they affected Plaintiffs in personal and individual ways. The injuries were individualized rather than collective since each Plaintiff had their unique voices examined without consent during different calls on separate occasions. (4) Defendant's past invasions were actual and future invasions are imminent next time Plaintiffs call Defendant. Defendant continues to examine voices in California without express written consent. A favorable decision by this court would redress the injuries of Plaintiffs and the Class.

///

## CLASS ACTION ALLEGATIONS

35. **Class Definition**: Plaintiffs brings this action pursuant to Federal Rules of Civil Procedure 23 and on behalf of themselves and a Class defined as follows:

> All residents of the State of California that had their voice prints or other voice stress patterns examined or recorded by Defendant to determine the truth or falsity of their statements.

36. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37. **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but according to Defendant, it serves approximately 67 million customers[7], making it one of the largest banks in the United States and California. Ultimately, members of the Class will be easily identified through Defendant's records.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether Defendant used a system which examined, or recorded Plaintiffs' and the Class's voice prints or voice stress patterns;

---

[7] https://newsroom.bankofamerica.com/companyoverview#:~:text=The%20company%20provides%20unmatched%20convenience,55%20million%20verified%20digital%20users.

8
Class Action Complaint

    b. Whether Defendant used voice prints or voice stress patterns to determine the truth or falsity of statements made by Plaintiffs and the Class; and

    c. Whether Defendant obtained prior express written consent from Plaintiffs and the Class members.

39. **Typicality**: Plaintiffs' claims are typical of the claims of all the other members of the Class. Plaintiffs and the Class members sustained substantially similar injuries as a result of Defendant's uniform wrongful conduct, based upon the same interactions with Defendant that were made without exception as to Plaintiffs and the Class.

40. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests adverse to the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest contrary to those interests of the of the Class.

41. **Superiority**: This case is appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damage suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast,

a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION

## Violation of Cal. Penal Code § 637.3

**(On Behalf of Plaintiffs and the Class)**

42. Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

43. CIPA prohibits any person or entity from using "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such person without his or her express written consent given in advance of the examination or recordation." Cal. Penal Code § 637.3(a).

44. Defendant is a bank and therefore an "entity" under CIPA. *Id*.

45. Defendant utilizes software that creates a "system" under CIPA because it examines, or records Plaintiffs' and the Class's voice prints or other voice stress patterns.

46. Defendant utilized the system to examine or record the voice prints of Plaintiffs and the Class when they called Defendant's customer support lines that were connected to the voice printing and analysis system.

47. Defendant examined or recorded Plaintiffs' and the Class members' voice prints to determine the truth or falsity of their statements – including, for example, their statements about who they claimed to be.

///

///

///

///

///

Class Action Complaint

48. Defendant did not obtain prior express written consent from Plaintiffs and the Class to use, examine, or record their voice prints or voice stress patterns for any purpose whatsoever.

49. On behalf of Plaintiffs and the Class, Plaintiffs seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with CIPA's requirements for the use, recording, and examination of voice prints or other voice stress patterns as described herein; and (2) damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully requests this Court to enter an order:

A. Certifying this case as a class action on behalf of the Class defined above pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiffs as the representatives of the Class, and appointing Plaintiffs' counsel as Class Counsel;

B. Declaring that Defendant's actions, as described above, violated CIPA;

C. Awarding statutory damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c);

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class;

E. Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiffs and the Class pre- and post-judgement interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

///
///

# JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

**SWIGART LAW GROUP**

Date: September 10, 2022

By: *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorney for Plaintiffs

Class Action Complaint